IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK EDWIN HARDESTY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0126-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Edwin Hardesty, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 2008, a Dallas County grand jury indicted petitioner for theft of a motor vehicle valued at more than $20,000. The indictment contained two enhancement paragraphs alleging prior felony convictions for theft over $750 and unauthorized use of a motor vehicle. Pursuant to a written plea agreement, petitioner pled guilty to the underlying offense. He also signed a judicial confession admitting to both prior felony convictions. The trial court accepted petitioner's guilty plea and sentenced him to 25 years confinement in accordance with the terms of the plea agreement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Hardesty*, WR-15,796-10 (Tex. Crim. App. Oct. 27, 2010). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his guilty plea and resulting conviction on five broad grounds: (1) his guilty plea was involuntary; (2) he was denied the right to an appeal; (3) the indictment contained defective enhancement allegations that were not proved by the state; (4) the trial court lacked jurisdiction; and (5) he received ineffective assistance of counsel.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the

---

[1] As part of his answer, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 8-12). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *See Gardner*, 247 F.3d at 559. The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *citing Williams*, 120 S.Ct. at 1521-22. Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 425 Fed. Appx. 298, 2011 WL 1812764 (5th Cir. May 12, 2011).

B.

In two related grounds, petitioner challenges the validity of his guilty plea and his waiver of appeal. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v.*

*Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993), *citing United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979), *cert. denied*, 100 S.Ct. 1080 (1980). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[2]

Petitioner was charged with theft of a motor vehicle valued at more than $20,000, enhanced by two prior felony convictions -- one for theft over $750, and another for unauthorized use of a motor vehicle. *Ex parte Hardesty*, WR-15,796-10, Tr. at 71. Prior to trial, petitioner agreed to plead guilty to the substantive offense in exchange for a 25-year sentence. *Id.*, Tr. at 77-78. Petitioner also admitted to the prior convictions alleged in the enhancement paragraphs of the indictment. *Id.*, Tr. at 79. A written plea agreement and a judicial confession were signed by petitioner, his attorney, and the prosecutor. *Id.*, Tr. at 77-78, 79-80. As part of the plea agreement, petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, and his right to appeal. *Id.*, Tr. at 77-78. Petitioner also signed a written acknowledgment stating that he understood the admonishments and warnings regarding his constitutional rights, and that his guilty plea and waivers were "knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.*, Tr. at 78. "Official records, such as [these] signed document[s], are entitled to a presumption of regularity and are accorded great evidentiary weight." *Jones v. Quarterman*, No. 3-08-CV-2253-N, 2009 WL 2030236 at *2 (N.D. Tex. Jul. 10, 2009), *appeal dism'd*, No. 09-10899 (5th Cir. Nov. 17, 2009), *quoting Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir.), *cert. denied*, 106 S.Ct. 117 (1985).

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. Because the requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar, *compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13, it follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Davis*, 2009 WL 1058059 at *2 n.1.

On state collateral review, the state habeas court found that petitioner's guilty plea was entered freely and voluntarily, and that his waiver of appeal was valid. *Ex parte Hardesty*, WR-15,796-10, Tr. at 66-67, ¶¶ 3, 5, 7. That determination is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Other than his conclusory allegations of ineffective assistance of counsel, petitioner offers nothing to rebut the state court findings. These grounds for relief are without merit and should be overruled. *See James v. Thaler*, No. 7-06-CV-194-O, 2010 WL 1267244 at *3 (N.D. Tex. Mar. 31, 2010),*COA denied*, No. 10-10456 (5th Cir. Oct. 7, 2010), *citing Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel, as they relate to guilty plea, fail to raise a colorable basis for federal habeas relief).

### C.

Petitioner also complains that the indictment did not list his prior convictions in chronological order and that the state failed to prove the enhancement allegations. These claims border on frivolous. Prior convictions used for enhancement purposes need not be alleged in sequence. *See, e.g. Rodriguez v. State*, No. 3-02-00240-CR, 2003 WL 1560146 at *3 (Tex. App. -- Austin, Mar. 27, 2003, pet. ref'd); *Jingles v. State*, 752 S.W.2d 126, 129 (Tex. App. -- Houston [14th Dist.] 1987, pet. ref'd). Instead, the law in effect at the time the underlying offense was committed provided:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2007). In his judicial confession, petitioner stipulated that he was convicted of two prior felonies -- unauthorized use of a motor vehicle on October 12, 1990, and theft over $750 on August 5, 1994. *Ex parte Hardesty*, WR-15,796-10, Tr. at 79. It is clear from this stipulation that "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final[.]" TEX. PENAL CODE ANN. § 12.42(d). Because petitioner judicially admitted his prior convictions for unauthorized use of a motor vehicle and theft over $750, no further proof was required. *See Bowers v. Dretke*, No. H-04-1007, 2005 WL 2045566 at *15 (S.D. Tex. Aug. 25, 2005).

In a related claim, petitioner contends that use of his prior theft conviction for enhancement purposes violated the Double Jeopardy Clause because that conviction had already been used to enhance his sentence in another case. "Enhanced punishments for repeat offenders do not violate the Double Jeopardy Clause because such enhanced punishments neither place a defendant in jeopardy of being twice tried for an offense nor subject such a defendant to additional punishment for the previous offense used for enhancement purposes." *Ware v. Dretke*, No. 3-02-CV-2151-N, 2005 WL 701035 at *2 (N.D. Tex. Mar. 23, 2005), *rec. adopted*, 2005 WL 1025964 (N.D. Tex. Apr. 28, 2005), *COA denied*, No. 05-10608 (5th Cir. Jun. 30, 2006), *citing Witte v. United States*, 515 U.S. 389, 400, 115 S.Ct. 2199, 2206, 132 L.Ed.2d 351 (1995). "Likewise, the use of a prior conviction to enhance a defendant's sentence on more than one occasion does not violate the Double Jeopardy Clause." *Id.*, *citing Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir.), *cert. denied*, 117 S.Ct. 108 (1996); *see also* TEX. PENAL CODE ANN. § 12.46 (Vernon 1994) (allowing multiple use of prior convictions to enhance multiple subsequent convictions). These grounds for relief are without merit.

D.

Petitioner argues that his conviction is void because the case was transferred from the 283rd Judicial District Court to the 194th Judicial District Court without a transfer order. Under Texas law, "the absence of a transfer order is a procedural defect rather than a jurisdictional defect." *Holloway v. Dretke*, No. 3-03-CV-0713-K, 2006 WL 298163 at *4 (N.D. Tex. Jan. 5, 2006), *rec. adopted*, (N.D. Tex. Jan. 30, 2006), *COA denied*, No. 06-10266 (5th Cir. Nov. 15, 2006), *citing Evans v. State*, 61 S.W.3d 688, 690 (Tex. App. -- Fort Worth 2001, no pet.). Petitioner is not entitled to relief on this ground.

E.

Finally, petitioner contends that his attorney should have challenged his conviction and enhanced sentence on various grounds, including: (1) failure of the indictment to list his prior convictions in chronological order; (2) insufficient evidence to prove the enhancement allegations; (3) the use of his prior theft conviction for enhancement purposes; and (4) the transfer of his case from one court to another without a transfer order. The court has already rejected petitioner's first three claims on the merits. Any objection by defense counsel on these grounds would have been futile. *See Sims v. Dretke*, No. 3-03-CV-1618-P, 2003 WL 22862795 at *5 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23119161 (N.D. Tex. Dec. 30, 2003), *citing Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel not required to make frivolous objections). Even if counsel should have objected to the lack of a written transfer order, petitioner was not prejudiced thereby. Such an error was a mere procedural mistake that could have been easily rectified by the trial court. *See Holloway*, 2006 WL 298163 at *5. These grounds for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE